JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff Tarin Dauphin

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TARIN DAUPHIN, an individual, | Case No. 2:24-cv-01961-GMN-DJA |
| Plaintiff, | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | **(SPECIAL SCHEDULING REVIEW REQUESTED)** |
| LORIAN HOME SYSTEMS, INC. OF LAS VEGAS, a Nevada corporation; | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b), Plaintiff Taurin Dauphin by and through her counsel of record, Greenberg Gross LLP, and Defendant Lorian Home Systems, Inc. of Las Vegas ("Defendant"), by and through its counsel of record, the law firm of Fisher & Phillips, LLP, hereby stipulate to the following Joint Proposed Discovery Plan and Scheduling Order based on the following:

///

///

///

-1-
STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

**Stipulated Discovery Plan**

1. **Reason for Special Scheduling Review:**

The parties request a discovery period that exceeds 180 days from January 24, 2025, the date of Defendant's Answer (ECF 13). An Early Neutral Evaluation ("ENE") is currently scheduled for April 15, 2025 (ECF 14). The parties expect that discovery will be limited before the ENE with the goal of conserving attorney and judicial resources. Therefore, the parties will need more than 180 days from the date of Defendant's Answer to finish discovery if the matter does not resolve at the ENE. If the matter does not resolve at the ENE, the parties would only have just over three months to complete discovery, and they would be required to exchange initial expert disclosures two months after the ENE.

As such, the current discovery schedule would not be feasible. For these reasons, the parties respectfully request that good cause exists to allow the parties to complete discovery within 270 days from January 24, 2025, the date of Defendant's Answer (ECF 13).

2. **Initial Disclosures:** The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on **January 29, 2025**. The initial disclosures will be made four weeks after the 26(f) by **February 26, 2025.** Aside from timing, the parties do not believe that any changes are necessary as to the form or requirement of disclosures under Local Rule 26-1(a).

3. **Discovery Cut-Off Date(s):** The parties request a discovery period of 270 days from January 24, 2025, the date of Defendant's Answer (ECF 13). Accordingly, the discovery deadline would be **October 21, 2025.**

4. **Amending the Pleadings and Adding Parties:** The parties shall have until **July 23, 2025,** which is ninety (90) days before the discovery cut-off date.

5. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any expert witnesses shall be made sixty (60) before the discovery deadline, by **August 22, 2025.** The disclosures of any rebuttal experts shall be due thirty (31) days before the discovery deadline, by **September 22, 2025** (as the 30th day falls on Sunday, September 21, 2025 a non-judicial day).

6. **Dispositive Motions:** Dispositive motions may be filed no later than **November 20, 2025,** thirty (30) days after the discovery deadline. In the event that the discovery period is

extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the subsequent discovery cut-off date.

7. **Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial order shall be filed by **December 22, 2025**, which is not later than thirty (32) days (as the 30th day falls on Saturday, December 20, 2025, a non-judicial day, and the 31st day falls on Sunday, December 21, 2025, a non-judicial day) after the dispositive motion deadline. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

8. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

9. **Scope of Discovery:** The parties are in agreement that discovery will be needed on the Plaintiff's claims raised in the Complaint, and Defendant's denials and the affirmative defenses raised in the Answer. The parties do not believe discovery should be conducted in phases. No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or Local Rules. The Parties have agreed to discuss in good faith a stipulated protective order if requested discovery seeks disclosure of sensitive or confidential information including, without limit, personnel records related to any employee other than Plaintiff.

10. **Electronic Filing and Service:** The Parties attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other

documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to JDunn@GGTriallaw.com, , MHale@GGTriallaw.com, MBurnette@GGTriallaw.com, and AMaciel@GGTriallaw.com and for Defendant, service shall be made by email to ddornak@fisherphillips.com, ehanson@fisherphillips.com, and dkerr@fisherphillips.com.

11. **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production of ESI, and meet and confer should any dispute arise.

12. **Electronic Evidence at Trial:** The parties recognize that electronically stored information may be involved in this matter and prefer to deal with such information on an ad hoc basis as issues may arise. In compliance with Local Rule 26-1(b)(9), the parties certify they have discussed presenting evidence in an electronic format to jurors for the purposes of jury deliberations. Discussions between the parties will be ongoing as the trial date approaches, and they stipulate that they intend to present any electronic evidence in a format compatible with the Court's electronic jury evidence display system.

13. **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces

a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

14. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, but no agreement has been reached. The parties will continue to evaluate opportunities for alternative dispute resolution. The Court has scheduled an Early Neutral Evaluation ("ENE") on April 15, 2025.

15. **Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and Local Rule 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

Dated this 7th day of February, 2025.

| */s/ Michael A. Burnette* | */s/ Elizabeth A. Hanson* |
|---|---|
| JEMMA E. DUNN | DAVID B. DORNAK |
| Nevada Bar No. 16229 | Nevada Bar No. 6274 |
| MATTHEW T. HALE | ELIZABETH A. HANSON |
| Nevada Bar No. 16880 | Nevada Bar No. 16249 |
| MICHAEL A. BURNETTE | 300 S. Fourth Street Suite 1500 |
| Nevada Bar No. 16210 | Las Vegas, NV 89101 |
| 1980 Festival Plaza Drive, Suite 730 | |
| Las Vegas, Nevada 89135 | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

**ORDER**

IT IS SO ORDERED that the parties' stipulated discovery plan and scheduling order (ECF No. 16) is GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 2/10/2025